IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PATRICK ANDRE LAUGHEAD, DANIEL SAUNDERS Individually and Behalf all others Similarly Situated Employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLESTON BAY GOURMET, INC. IRVING PETERS and KIERAN DIMAIO,<br><br>Defendants. | CIVIL ACTION NO: 2:23-cv-4055-BHH<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiffs, Patrick Andre Laughead, ("Laughhead") and Daniel Saunders("Sanders") (collectively "Plaintiffs") individually and on behalf of all others similarly situated employees, by way of their Complaint in the above-captioned matter, alleges the following claims against Defendants, Charleston Bay Gourmet, Inc. ("CBG"), Irving Peters ("Peters"") and Kieran Dimaio ("Dimaio") individually, (collectively, "Defendants") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").

## NATURE OF CLAIM

1.      This is an action to recover overtime wages, unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.

2.      Plaintiffs brings this lawsuit against Defendants as a collective action, pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other

similarly situated employees who suffered damages because of Defendants' violations of the FLSA.

3.    Plaintiffs also bring claim for conversion against Defendant Dimaio.

**PARTIES, JURISDICTION AND VENUE**

4.    Plaintiff Laughead, is a citizen and a resident of Charleston County, South Carolina.

5.    Plaintiff Saunders is a citizen and a resident of Charleston County, South Carolina.

6.    Defendant, CBG, is a for-profit limited liability South Carolina Corporation, organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

7.    Defendant, Peters upon information and belief is a citizen and resident of Charleston County, South Carolina and was the sole shareholder and owner of CBG.

8.    Defendant, Dimaio upon information and belief is a citizen and resident of Charleston County, South Carolina and is currently the sole shareholder of CBG.

9.    Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

10.    Plaintiffs brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all similarly situated employees who were not paid overtime wages and had improper deductions from their tips while working for Defendants'.

11.     At all times relevant to this complaint, CBG engaged in commerce and it's production of goods meets the $500,000 threshold; thus it is a "enterprise" as defined by FLSA.

12.     Plaintiffs in their capacity as employees, personally engaged in commerce or in the production of goods for commerce, individual coverage.

13.     This Court has jurisdiction of the Plaintiffs' claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

14.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTUAL ALLEGATIONS

15.     Defendant CBG is a catering company located at 748 King St. Mount Pleasant, SC 29464.  The company provides food and beverages and incidental services for social affairs and events throughout the low country.

16.     Upon information and belief, Defendant Peters was the owner of CBG from 1991 until 2022, when he sold the company to Defendant DiMaio. Peters acts directly and/or indirectly in the interest of Defendants in relation to Plaintiffs and similarly situated employees.

17.     Upon information and belief, Defendant DiMaio is one of the current owners of CBG. Prior to owning CBG, DiMaio was employed as the office manager from 2017 to 2022.

18.     As office manager, Dimaio had managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiffs and similarly situated employees.

19.     Both Peters and DiMaio supervised and controlled Plaintiffs' and similarly situated employees work schedules and conditions of employment.

20.    DiMaio handled CBG payroll and she along with Peter's determined the rate and method of payment for Plaintiffs and similarly situated employees.

21.    Defendant DiMaio had significant control over the company's day-to-day functions of CBG, including compensation of employees or other matters in relation to the employees such that she is individually liable while she was the manager of CBG.

22.    Defendants Peters and DiMaio set the policy for the tip pool and controlled the finances and operations of CBG.

23.    By virtue of the control and authority Peters and DiMaio exercised, they were Plaintiffs' employer as defined by the Act. 29 U.S.C. §201 *et seq.*

24.    The Defendants employed Plaintiff Laughead, from 2009 until December 27, 2022.

25.    The Defendants employed Plaintiff Saunders from April 2021 until December 27, 2022

26.    Plaintiffs were paid an hourly rate plus tips. Plaintiff Laughead was paid $14.00 and hour. Plaintiff Saunders was paid $10.00 an hour.

27.    Plaintiffs' Laughead and Saunders duties including assisting with cooking, setting-up for the event, serving guests at the event and cleaning up after the event.

28.    Defendants hired other similarly employees that were paid an hourly rate plus tips and had the same job duties and responsibilities as Plaintiffs.

29.    At all relevant times, Plaintiffs and other similarly situated employees had substantially similar job requirements and job duties.

30.    Moreover, they have been subject to Defendants' common decisions, policies, practices, procedures, and rules that willfully violate the FLSA.

31.    CBG did not charge its customers automatic gratuities or a service charge.

32.    At the end of an event the customers often paid the employees that worked the event a gratuity.

33.    If Defendant Peters was at the event, often the customer would give Peters the gratuity to be distributed to the employees that worked the event.

34.    Defendant Peters had a policy and practice of keeping a substantial portion of his employees' tips for himself.

35.    At the end of an event the customer often gave Defendant Peters a cash tip. Defendant Peters kept whatever portion of the tip he desired and gave the remaining amount to Plaintiffs as well as the other hourly employees that worked the event.

36.    Plaintiffs observed Defendant keep cash tips that were meant them and the similarly situated employees who also worked the event.

37.    Defendant Peters is not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m).

38.    Owners are not, by definition, a "tipped employee" eligible to share in a tip pool under § 203(m).

39.    The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer.

40.    Defendants had a willful policy of withholding and/or diverting portions of their Servers and Gauchos tips directly from them each shift and using them for their own purposes.

41.    Plaintiffs as well as similarly situated employees seek recovery of their tips.

42.    Plaintiff and other similarly situated employees were non-exempt pursuant to the FLSA.

43.    Plaintiffs similarly situated employees frequently worked between fifty (50) to seventy (70) hours a week.

44.    However, the Defendants failed to pay Plaintiffs and similarly situated employees at a rate of one and one-half times their regular hourly wage for the hours they worked in excess of forty (40) in a work week.

45.    At all times, relevant to this Complaint, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week and Defendants failed to compensate them at a rate of one and one-half times their regular hourly wage.

46.    Defendants knew or should have known that, under the FLSA, Plaintiffs should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed for all compensable hours worked in excess of forty (40) hours.  29 U.S.C. §207(a)(1).

47.    Defendants willfully violated the FLSA by filing to pay Plaintiffs and similarly employees all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek.

48.    The U.S. Department of Labor specifically condemns an employer's non-payment of overtime: "Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay."

49.    Defendants' actions were not in good faith or based upon a reasonable belief that they was were not violating applicable laws.

50.    Plaintiffs asked Peters if they could store personal belongings in the building that the company operated out of. Peters agreed.

51.     Defendant Peters allowed Plaintiffs to store many personal belongings in the building that the company operated out of.

52.     Plaintiffs stored tools, furniture, clothing, a boat motor, electronics as well as many other personal belongings in the building.

53.     Plaintiff Laughead also kept serving platters and bowls for the Defendants to use for special events in the building.  These items had sentimental value to Laughhead because they belonged to his mother who is now deceased.

54.     Plaintiffs estimate that the value of these items were $20,096.00.

55.     When Peters sold CBG to DiMiao, she immediately terminated the Plaintiffs.

56.     Plaintiffs contacted DiMiao on several occasions seeking to retrieve their personal belongs from the building.  Plaintiffs left several voice messages and sent texts.

57.     However, Defendant DiMiao intentionally did not to respond to their repeated requests.  Defendant DiMiao refused to return the personal belongings that Plaintiffs stored in the building.

58.     Defendant DiMiao kept the Plaintiffs' personal belongings for her own use and enjoyment.

59.     Upon information and belief, Defendant DiMiao sold some of the items for financial gain.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act-Overtime Violation)
(Individual and Collective Claim)
(All Defendants)

60.     Plaintiffs reallege and incorporate all previous paragraphs herein.

61.     At all times relevant to this action, Defendants were "employers" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, et seq.

62.     The Plaintiffs and similarly situated employees were not exempt from the overtime requirements of the FLSA.

63.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

64.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

65.     Defendants violated the FLSA by failing to pay Plaintiffs and similarly situated class members the federally-mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

66.      Upon information and belief, Defendants had policies and practices of evading overtime pay for their hourly employees.

67.     Defendants' violations of the FLSA were knowing and willful.

68.     Plaintiffs and similarly situated employees were victims of the Defendants uniform and company-wide policy of failing to pay overtime to its non-exempt hourly workers.

69.     This policy applied to all employees who have worked or are working for Defendants in the same or similar position as Plaintiffs.

70.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## FOR A SECOND CAUSE OF ACTION
(Fair Labor Standards Act-Tip Violation)
(Defendant Peters and CBG)
(Individual and Collective Claim)

71.     Plaintiffs and similarly situated employees incorporate by reference all of the above allegations as though fully set forth herein.

72.     On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

73.     The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

74.     At all relevant times, Plaintiffs and similarly situated employees were employed by Defendants within meaning of the FLSA.

75.     Plaintiffs and similarly situated employees are entitled to all of their tips.

76.     Defendant Peters took a portion of Plaintiff's and similarly situated employees' tips for his own financial gain.

77.     Defendant Peters is the owner of CBG and is not employed as a tipped employee.

78.     Defendant Peters is also the employer of Plaintiffs and similarly situated employees.

79.     In addition to the amount of unpaid tipped wages owed to Plaintiffs and similarly situated employees, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

80.     Defendant Peters did not maintain and preserve payroll or other records containing information on each employee who receive tips and the weekly or monthly amount of the tips each employee received.

81.    Defendant Peters actions of retaining a portion of Plaintiff's and similarly situated employees' tips was a willful violation of the FLSA.

82.    Defendants have not made a good faith effort to comply with the FLSA.

83.    Plaintiffs and similarly situated employees also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

**FOR A THIRD CAUSE OF ACTION**
CONVERSION
(Defendant DiMiao) (Individual Claim)

84.    Plaintiffs incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

85.    Defendant DiMiao committed conversion against the Plaintiffs in the following manner:

a.    Wrongfully withholding the Plaintiffs' personal belongings including but not not limited to tools, furniture, clothing, serving items as well as other items;

b.    Withholding Plaintiffs property with the intent to permanently deprive and defraud the Plaintiffs of the use and benefit of their property; and

c.    Withholding Plaintiffs' property with the intent to permanently appropriate the property for the use of the Defendants or any other person other than the Plaintiff.

86.    The Defendant DiMaio converted Plaintiffs' tools to their own use.

87.    The Defendant DiMaio's actions were without right or justification and constituted the conversion of the Plaintiff's property.

88.    The Defendant DiMaio acted in bad faith in that she knowingly converted the Plaintiffs' belongings when in the exercise of reasonable care, she should have known her actions were wrongful.

89.    Plaintiffs have suffered a loss of the use of their belongings and have been otherwise injured and damaged in such amount as a judge and a jury may determine.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs, on behalf of himself and all other similarly situated employees, seeks judgment against the Defendants as follows:

a.    That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b.    Declaratory Judgement that Defendants Peters, Dimaio and CBG violated the overtime provisions of the FLSA;

c.    Declaratory Judgement that Defendants Peters and CBG violated the tip provisions of the FLSA;

d.    Declaratory Judgement that Defendant Dimaio converted Plaintiffs personal belongs for her own use and enjoyment and deprived Plaintiffs the use of their personal belonging;

e.    An award against all Defendants for an amount equal to Plaintiffs and similarly situated employees' overtime wages at one and half times their regularly hourly rate for all hours they worked over 40 in a work week;

f.    An award against Defendant Peters and CBG for the amount of unlawfully retained tips that were withheld from Plaintiffs and similarly situated employees;

g.    An award of liquidated damages in an amount equal to the award of damages pursuant to 29 U.S.C. § 216(b);

h.    Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

i.    An award of the reasonable attorneys' fees and costs incurred by Plaintiffs and similarly situated employees in bringing this action; and

j.   Restitution of wages and gratuities improperly retained by Defendants;

k.   All such further relief as the Court deems just and equitable.

## <u>JURY DEMANDED</u>

Plaintiffs, individually and on behalf of all other and similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

<u>s/ Marybeth Mullaney</u>
Marybeth Mullaney (Fed. ID No. 11162)
652 Rutledge Ave, Suite A
Charleston, South Carolina 29403
Phone (843) 588-5587
marybeth@mullaneylaw.net

*Attorney for Plaintiffs*

August 15, 2023
Charleston, South Carolina.